UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RABAH K. R.[1],

                Petitioner,

v.

MICHAEL RUSSO,

                Respondent.

Civil Action No. 21-10707 (JXN)

**OPINION**

**NEALS**, District Judge

    Before this Court is Petitioner Rabah K. R.'s ("Petitioner") counseled Amended Petition for a Writ of Habeas Corpus ("Amended Petition") challenging his ongoing immigration detention pursuant to 28 U.S.C. § 2241, (ECF No. 8). The Government filed a response to the Amended Petition (ECF No. 5), to which Petitioner replied (ECF No. 6). For the following reasons, this Court will grant the Amended Petition and direct Respondent to provide Petitioner with an individualized bond hearing before an immigration judge within 14 days of the date of the accompanying Order, in accordance with the Third Circuit's decision in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 213 (3d Cir. 2020).

**I.**    **BACKGROUND**

    Petitioner is a native and citizen of Jordan who was admitted to the United States as a lawful permanent resident in April 1991. (ECF No. 5-3 at 3.) On May 27, 2016, Petitioner was

---

[1] Petitioner is identified herein only by his first name and the first initials of his surnames in order to address certain privacy concerns associated with § 2241 immigration cases. This manner of identification comports with recommendations made by the Judicial Conference of the United States' Committee on Court Administration and Case Management.

convicted in New Jersey Superior Court, Bergen County of possession with intent to distribute a controlled dangerous substance, to wit: oxycodone, within 500 feet of certain public property in violation of N.J.S.A. § 2C:35-7.1. (*Id.*) On October 21, 2016, Petitioner was convicted in New Jersey Superior Court, Passaic County on three counts of possession with intent to distribute a controlled dangerous substance, to wit: marijuana, within 1,000 feet of school property in violation of N.J.S.A. §§ 2C:35-7 and 2C:35-5(a). (*Id.*) On the same day, Petitioner was convicted of robbery in violation of N.J.S.A. § 2C:15-1(a)(1). (*Id.*) Petitioner was sentenced to a term of six years imprisonment. (*Id.*)

On May 20, 2019, following his release from New Jersey state custody, Petitioner was served with a Notice to Appear charging Petitioner as removable pursuant to sections 237(a)(B)(i), 237(a)(2)(A)(ii), and 237(a)(2)(A)(iii) of the Immigration and Nationality Act. (*Id.* at 4.) Petitioner's appearance before the immigration court spanned from June 14, 2019 until October 29, 2019. (ECF No. 8 at ¶ 5.) On August 5, 2019, Petitioner filed a motion to terminate his removal proceedings with the immigration court. (*Id.*, ¶ 34.) On August 23, 2019, the immigration judge denied Petitioner's motion to terminate in full. (*Id.*)

Petitioner subsequently filed an application for protection from removal under the U.N. Convention Against Torture ("CAT"). (*See* ECF No. 1 at ¶ 5.) On October 29, 2019, the Immigration Judge denied relief and ordered Petitioner removed from the United States. (*See* ECF No. 1-4.) Petitioner appealed the decision to the Board of Immigration Appeals ("BIA") and on April 24, 2020, the BIA denied Petitioner's appeal. (*See* ECF No. 1-5.) In part, the BIA ruled that Petitioner's conviction under N.J.S.A. § 2C:15-1(a) constituted an aggravated felony theft offense. (*See id.*)

On May 11, 2020, Petitioner filed a petition for review with the Third Circuit Court of Appeals under docket number 20-1995. (ECF No. 8 at ¶ 7.) On July 27, 2020, the government

2

filed a motion for a full remand to the BIA to permit the BIA to further consider whether Petitioner's conviction for robbery under N.J.S.A. § 2C:15(a)(1) constitutes an aggravated felony theft offense under 8 U.S.C. § 1101(a)(43)(G) and whether it constitutes a "crime of violence" aggravated felony under 8 U.S.C. § 1101(a)(43)(F). (ECF No. 1-6.) On August 21, 2020, the Third Circuit granted the government's motion for remand. (ECF No. 1-7.)

The matter was remanded to the BIA and the parties were instructed to file briefing by December 28, 2020. (ECF No. 8 at ¶ 9.) On May 27, 2021, the BIA dismissed Petitioner's appeal in part because his conviction for robbery under N.J.S.A. § 2C:15-1(a)(1) is an aggravated felony under § 101(a)(43)(G) of the Immigration and Nationality Act ("INA"). Additionally, the BIA dismissed Petitioner's claims for protection under CAT. (*See* ECF No. 5-5.)

On June 17, 2021, Petitioner filed a petition for review with the Third Circuit Court of Appeals under docket number 21-2170. (ECF No. 8 at ¶ 11.) On June 29, 2021, the Third Circuit issued a temporary stay of execution of the removal order. (*Id.* at ¶ 12.) On August 21, 2021, the Third Circuit granted Petitioner's motion for stay of removal finding "Petitioner has a reasonable likelihood of prevailing on review." (C.A. No. 21-2170, ECF No. 14.) The Third Circuit found "[a]mong other things, the agency may have erred in treating the possibility of relocation within Jordan as a dispositive issue on which [P]etitioner bore the burden of proof." (*Id.*) On September 6, 2021, Petitioner filed a motion to hold the briefing schedule in abeyance pending the Third Circuit's decision in *K.A. v. Attorney General*, No. 17-3640, which Petitioner argued could implicate whether his robbery conviction is an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). (*Id.*, ECF No. 15.) On November 10, 2021, the Third Circuit lifted the stay following the decision in *K.A. v. Attorney General*, No. 17-3640, and issued a briefing schedule. (*Id.*, ECF No. 18.) Petitioner's petition for review is still pending. (*See* C.A. No. 21-2170.)

3

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that his custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

## III. DISCUSSION

In his habeas petition, Petitioner argues that his continued detention has become so prolonged that it amounts to an unconstitutional application of § 1226(c). (*See* ECF No. 1 at ¶¶ 15, 55-58.) Petitioner's claim and request for an individualized bond hearing is governed by the Third Circuit's decision in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210–11 (3d Cir. 2020).

There, the Third Circuit clarified that its due process analysis in *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015) and *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), survives the Supreme Court's 2018 decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).[2] *See German Santos*, 965 F.3d at 210 (explaining that *Jennings* "did not touch the constitutional analysis that led *Diop* and *Chavez-Alvarez* to their reading"); *see also Borbot v.*

---

[2] In *Jennings v. Rodriguez*, the Supreme Court reversed the Ninth Circuit's holding that three detention provisions of the INA—8 U.S.C. §§ 1225(b), 1226(a), and 1226(c)—did not authorize prolonged detention without a bond hearing. Applying the canon of constitutional avoidance, the Ninth Circuit had construed these three provisions to require an automatic bond hearing before the immigration judge at six months of detention. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015). The Court rejected the lower court's "implausible constructions" of the three detention statutes and remanded for the Ninth Circuit to decide in the first instance whether due process requires a bond hearing with the burden on the government when detention under the three provisions becomes prolonged. *Id.* at 842-47, 851.

*Warden Hudson County Correctional Facility*, 906 F.3d 274, 278 (3d Cir. 2018) ("*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long."); *Ordanny E.G., v. Ortiz*, No. 21-5502, 2021 WL 2910741, at *2 (D.N.J. July 8, 2021). "Therefore, the constitutional analysis in *Diop* and *Chavez Alvarez* is still good law, and those cases govern as-applied challenges under § 1226(c)." *Ordanny*, 2021 WL 2910741, at *2; *see also, e.g., Patrick J. v. Anderson*, No. 20-2665, 2020 WL 7074384, at *2 (D.N.J. Dec. 3, 2020).

Under *German Santos*, district courts must consider the following factors when evaluating the constitutionality of prolonged detention under 8 U.S.C. § 1226(c):

> (1) the length of detention in light of the likelihood of whether detention under the statute is likely to continue; (2) the reasons for the delay which caused the petitioner's detention to become prolonged, including whether either party made errors in bad faith or out of carelessness, which unnecessarily prolonged removal the [sic] proceedings; and (3) finally whether the conditions of confinement are "meaningfully different from criminal detention.

*Ordanny*, 2021 WL 2910741, at *3 (quoting *German Santos*, 965 F.3d at 210-11).

The Third Circuit emphasized that the first factor, the length of detention, bears the most weight and is the most important consideration. *German Santos*, 965 F.3d at 211. Although the Third Circuit rejected a bright-line rule and held detention of even over a year may well pass constitutional muster, the Third Circuit reaffirmed that "when detention [becomes so prolonged as to be] unreasonable, the Due Process Clause demands a [bond] hearing." *Id.* at 210. As to the second factor, if there is no evidence of carelessness or bad faith on either side, that factor may remain neutral. *Id.* at 213. In considering the third factor, the Third Circuit noted that German Santos was detained "alongside convicted criminals since late 2017" and "[d]espite its civil label, his detention is indistinguishable from criminal punishment." *Id.* at 212-13.

In *Diop*, the Third Circuit explained that detention "becomes more and more suspect" after five months, 656 F.3d at 234, and held that the two-years-and-eleven-month detention of an alien who had been granted withholding of removal was unreasonable. *Id.* at 233–34. In *Chavez Alvarez*, the Court held that a lawful permanent resident's detention became unreasonable sometime between six months and one year. 783 F.3d at 478. In *German Santos*, the Third Circuit examined petitioner's two-and-one-half-years detention and determined that, "[g]iven its length, likelihood of continuing, and conditions, [the detention had] become unreasonable." *Id.* at 212. Additionally, many courts within this District have found that detention over one year can violate due process. *See e.g., Johan G.A. v. Cirillo*, No. 21-12972, 2022 WL 190668, at *3 (D.N.J. Jan. 20, 2022) (22 months); *Ordanny*, 2021 WL 2910741, at *3 (16 months); *Stevens G. v. Anderson*, No. 20-924, 2021 WL 3362566, at *3 (Aug. 3, 2021) (26 months); *James P.B. v. Edwards*, No. 21-4810, 2021 WL 2981044, at *3 (July 15, 2021) (18 months); *Wilmer R.R. v. Cirillo*, No. 21-5436, 2021 WL 2936134, at *2 (July 13, 2021) (16 months).

Here, relevant to the first factor discussed above, Petitioner has been detained pursuant to § 1226(c) for two-years-and-eight-months at the time of the writing of this Opinion, which is longer than the petitioner in *German Santos*. Petitioner's petition for review is still pending with the Third Circuit, who found "Petitioner has a reasonable likelihood of prevailing on review," because "[a]mong other things, the agency may have erred in treating the possibility of relocation within Jordan as a dispositive issue on which petitioner bore the burden of proof." (*See* C.A. No. 21-2170, ECF No. 14.) The Third Circuit has not resolved the merits of the petition for review, as such, his detention is likely to continue for a time out of Petitioner's control. For these reasons, Petitioner's length of detention strongly weighs in Petitioner's favor.

As to the second factor, the Court has reviewed the record and finds that Petitioner's lengthy detention does not appear attributable to any bad faith on the part of Petitioner or the government.

Regarding the third and final factor discussed above, Petitioner is detained at Bergen County Correctional Center, where he is housed with other federal and state inmates, and the conditions of confinement are not meaningfully distinguishable from criminal punishment. The Court notes that Respondent has submitted that the Bergen County Correctional Center complies with Immigration and Customs Enforcement's ("ICE") COVID-19 Pandemic Response Requirements, however, that compliance does not render Petitioner's conditions of confinement meaningfully distinguishable from those housed for criminal punishment.

Having weighed the relevant factors, the Court finds that Petitioner's more than two-years-and-eight-month detention is unreasonable and will grant the habeas petition. The Court directs the Government to provide Petitioner with a bond hearing before an immigration judge, where the Government bears the burden of proof to justify detention by clear and convincing evidence. *See German Santos*, 965 F.3d at 213 ("We have already held that the Government bears the burden of proof. That burden, we now hold, is to justify detention by clear and convincing evidence.").

### IV.   CONCLUSION

For the reasons expressed above, Petitioner's amended habeas petition (ECF No. 8) is GRANTED, and Petitioner shall receive a bond hearing before an immigration judge within 14 days of the date of the accompanying Order. An appropriate Order follows.

DATED: February 3, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge